**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Dole Chile, S.A., <br><br>        Plaintiff <br><br>   v. <br><br> MSC Mediterranean Shipping Company, S.A., and <br> Mediterranean Shipping Company (USA) Inc., and <br> MSC Ship Management Ltd. and <br> Greenwich Terminals, LLC, and <br> Gloucester Terminals, LLC, and <br> Holt Logistics Corp, and <br> Delaware Avenue Enterprises Inc., and <br> Holt Cargo Systems, LLC and <br> M/V MSC OLIA, her engines, machinery, tackle, <br> apparel, etc., *in rem*, and <br> M/V MSC AINO, her engines, machinery, tackle, <br> apparel, etc., *in rem*, and <br> M/V MSC JENONGMIN, her engines, machinery, <br> tackle, apparel, etc., *in rem*, and <br> M/V MSC VITA, her engines, machinery, tackle, <br> apparel, etc., *in rem*, and <br> M/V MSC HARMONY III, her engines, machinery, <br> tackle, apparel, etc., *in rem*, and <br> M/V MSC CELINE, her engines, machinery, tackle, <br> apparel, etc., *in rem*, and <br> M/V MSC CAROLE, her engines, machinery, tackle, <br> apparel, etc., *in rem*, and <br> M/V POMERENIA SKY, her engines, machinery, tackle, <br> apparel, etc., *in rem*, and <br> John Doe Carriers 1-9 and <br> John Doe Terminal Operators 1-9 <br><br>        Defendants. | 2:23-cv-01504-MRP |

**MSC (USA)'S ANSWER TO PLAINTIFF'S FIRST
AMENDED VERIFIED COMPLAINT**

Defendant Mediterranean Shipping Company (USA) Inc. ("MSC (USA)"), by its

attorneys, Rawle & Henderson LLP, answering Plaintiff's First Amended Verified Complaint,

alleges upon information and belief as follows:

1.      The allegations in paragraph 1 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) admits that the Plaintiff's claims are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's First Amended Verified Complaint.

2.      The allegations in paragraph 2 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's First Amended Verified Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's First Amended Verified Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's First Amended Verified Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's First Amended Verified Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's First Amended Verified Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's First Amended Verified Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's First Amended Verified Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's First Amended Verified Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's First Amended Verified Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's First Amended Verified Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's First Amended Verified Complaint.

13.     Admits that MSC (USA) is the U.S. agent of MSC Mediterranean Shipping Company S.A. ("MSC"), with its principal place of business at the address alleged, and admits that MSC was and still is a business entity duly organized under the law, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's First Amended Verified Complaint.

14.     Admits that MSC was the operator and/or charterer of the vessels identified in paragraph 16 of Plaintiff's First Amended Verified Complaint, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's First Amended Verified Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's First Amended Verified Complaint.

16.     Admits that the MSC OLIA, MSC AINO, MSC JEONGMIN, MSC VITA, MSC HARMONY III, and MSC CAROLE were and still are vessels operated as common and/or private carriers of goods in ocean transportation, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's First Amended Verified Complaint.

17.     Admits that MSC was the operator of the vessels identified in paragraph 16 of Plaintiff's First Amended Verified Complaint, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's First Amended Verified Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's First Amended Verified Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's First Amended Verified Complaint.

20.     Admits that MSC was the carrier of certain containers said to contain grapes, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's First Amended Verified Complaint.

21.     Admits that MSC was and is now engaged in the business of common carriage and/or private carriage of merchandise by water for hire and that it operated and/or chartered the vessels identified in paragraph 16 of Plaintiff's First Amended Verified Complaint as common and/or private carriers of merchandise for hire, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's First Amended Verified Complaint.

22.     Admits that vessels operated and/or chartered by MSC have used the ports of the State of Pennsylvania, discharged and loaded cargo therein, been supplied services and stores therein, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's First Amended Verified Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's First Amended Verified Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's First Amended Verified Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's First Amended Verified Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's First Amended Verified Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's First Amended Verified Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's First Amended Verified Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's First Amended Verified Complaint.

30.     Denies the allegations contained in paragraph 30 of Plaintiff's First Amended Verified Complaint insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's First Amended Verified Complaint.

31.     The allegations in paragraph 31 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's First Amended Verified Complaint.

32.     The allegations in paragraph 32 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's First Amended Verified Complaint.

33.     The allegations in paragraph 33 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's First Amended Verified Complaint.

34.     Admits that cargoes carried by MSC were discharged onto the premises of the Packer Avenue Marine Terminal in Philadelphia, PA, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's First Amended Verified Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's First Amended Verified Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's First Amended Verified Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's First Amended Verified Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiff's First Amended Verified Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's First Amended Verified Complaint.

40.     The allegations in paragraph 40 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's First Amended Verified Complaint.

41.     The allegations in paragraph 41 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's First Amended Verified Complaint.

42.     The allegations in paragraph 42 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's First Amended Verified Complaint.

43.     The allegations in paragraph 43 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's First Amended Verified Complaint.

44.     The allegations in paragraph 44 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiff's First Amended Verified Complaint.

45.     The allegations in paragraph 45 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of Plaintiff's First Amended Verified Complaint.

46.     Denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of Plaintiff's First Amended Verified Complaint.

47.     Denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's First Amended Verified Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's First Amended Verified Complaint.

49.    Denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's First Amended Verified Complaint.

50.    Denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of Plaintiff's First Amended Verified Complaint.

51.    The allegations in paragraph 51 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of Plaintiff's First Amended Verified Complaint.

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of Plaintiff's First Amended Verified Complaint.

53.    Denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of Plaintiff's First Amended Verified Complaint.

54.    The allegations in paragraph 54 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of Plaintiff's First Amended Verified Complaint.

55.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiff's First Amended Verified Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiff's First Amended Verified Complaint.

57.     The allegations in paragraph 57 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of Plaintiff's First Amended Verified Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of Plaintiff's First Amended Verified Complaint.

## ANSWER TO FIRST CAUSE OF ACTION

59.     In response to paragraph 59 of Plaintiff's First Amended Verified Complaint, MSC (USA) repeats and realleges its responses to paragraphs 1 through 58 of the Plaintiff's First Amended Verified Complaint as if set forth fully herein.

60.     Admits that MSC carried certain containers said to contain grapes under bills of lading and/or sea waybills issued by MSC, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of Plaintiff's First Amended Verified Complaint.

61.     Admits that certain containers said to contain grapes were loaded aboard vessels at the direction of MSC, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of Plaintiff's First Amended Verified Complaint.

62. The allegations in paragraph 62 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies that any loss of or damage to Plaintiff's cargo was caused by the unseaworthiness of any vessels, the violation of any duties and obligations of MSC (USA), the breach by MSC (USA) of any contracts of carriage or any other contracts with Plaintiffs, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of Plaintiff's First Amended Verified Complaint.

63. The allegations in paragraph 63 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies that any vessels were unseaworthy, denies that it breached any contracts of carriage or other agreements with Plaintiffs, denies any failure to comply with laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience with Plaintiffs, or as has been established in the trade, denies any failure to properly care for the cargo, denies any failure to properly and timely transport the cargo and discharge or deliver the cargo to a fit and proper facility, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of Plaintiff's First Amended Verified Complaint.

64. The allegations in paragraph 64 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) admits the allegations contained in paragraph 64 of Plaintiff's First Amended Verified Complaint.

65. The allegations in paragraph 65 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of Plaintiff's First Amended Verified Complaint, and denies Plaintiff's prayer for relief.

## ANSWER TO SECOND CAUSE OF ACTION

66.    In response to paragraph 66 of Plaintiff's First Amended Verified Complaint, MSC (USA) repeats and realleges its responses to paragraphs 1 through 65 of the Plaintiff's First Amended Verified Complaint as if set forth fully herein.

67.    Denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of Plaintiff's First Amended Verified Complaint.

68.    Denies the allegations insofar as they relate to MSC (USA), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of Plaintiff's First Amended Verified Complaint, and denies Plaintiff's prayer for relief.

## ANSWER TO THIRD CAUSE OF ACTION

69.    In response to paragraph 69 of Plaintiff's First Amended Verified Complaint, MSC (USA) repeats and realleges its responses to paragraphs 1 through 68 of the Plaintiff's First Amended Verified Complaint as if set forth fully herein.

70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of Plaintiff's First Amended Verified Complaint, and denies Plaintiff's prayer for relief.

71.    The allegations in paragraph 71 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of Plaintiff's First Amended Verified Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of Plaintiff's First Amended Verified Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of Plaintiff's First Amended Verified Complaint.

74.     The allegations in paragraph 74 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of Plaintiff's First Amended Verified Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of Plaintiff's First Amended Verified Complaint.

76.     The allegations in paragraph 76 contain conclusions of law to which no answer is required, however, to the extent an answer is required, MSC (USA) denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of Plaintiff's First Amended Verified Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of Plaintiff's First Amended Verified Complaint, and denies Plaintiff's prayer for relief.

## ANSWER TO FOURTH CAUSE OF ACTION

78.     In response to paragraph 78 of Plaintiff's First Amended Verified Complaint, MSC (USA) repeats and realleges its responses to paragraphs 1 through 77 of the Plaintiff's First Amended Verified Complaint as if set forth fully herein.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of Plaintiff's First Amended Verified Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of Plaintiff's First Amended Verified Complaint, and denies Plaintiff's prayer for relief.

## ANSWER TO FIFTH CAUSE OF ACTION

81.     In response to paragraph 81 of Plaintiff's First Amended Verified Complaint, MSC (USA) repeats and realleges its responses to paragraphs 1 through 80 of the Plaintiff's First Amended Verified Complaint as if set forth fully herein.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of Plaintiff's First Amended Verified Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of Plaintiff's First Amended Verified Complaint, and denies Plaintiff's prayer for relief.

## ANSWER TO SIXTH CAUSE OF ACTION

84.     In response to paragraph 84 of Plaintiff's First Amended Verified Complaint, MSC (USA) repeats and realleges its responses to paragraphs 1 through 83 of the Plaintiff's First Amended Verified Complaint as if set forth fully herein.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of Plaintiff's First Amended Verified Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of Plaintiff's First Amended Verified Complaint, and denies Plaintiff's prayer for relief.

## ANSWER TO SEVENTH CAUSE OF ACTION

87.    In response to paragraph 87 of Plaintiff's First Amended Verified Complaint, MSC (USA) repeats and realleges its responses to paragraphs 1 through 86 of the Plaintiff's First Amended Verified Complaint as if set forth fully herein.

88.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of Plaintiff's First Amended Verified Complaint.

89.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of Plaintiff's First Amended Verified Complaint, and denies Plaintiff's prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

90.    At all relevant times, MSC (USA) was acting as an agent for its disclosed principal, MSC and therefore MSC (USA) has no independent liability.

## SECOND AFFIRMATIVE DEFENSE

91.    Plaintiff's claims are time-barred.

## THIRD AFFIRMATIVE DEFENSE

92.    Plaintiff is not a real party in interest and is not entitled to maintain this action.

## FOURTH AFFIRMATIVE DEFENSE

93.    Plaintiff lacks standing to assert its claims.

## FIFTH AFFIRMATIVE DEFENSE

94.    The Plaintiff's First Amended Verified Complaint should be dismissed as unripe as against MSC.

## SIXTH AFFIRMATIVE DEFENSE

95.     The cargoes which are the subject of this suit were carried pursuant to the terms and conditions of certain charter parties, bills of lading, sea waybills, service contracts, tariffs and/or other contracts of carriage by which the shippers, owners, consignees, and holders of said bills of lading (and/or sea waybills) agreed to be bound, and MSC (USA) claims the benefits of all rights, immunities, defenses, exonerations, and limitations contained therein, including but not limited to, any covenant not to sue provisions and any clauses pertaining to forum, venue, and/or choice of law.

## SEVENTH AFFIRMATIVE DEFENSE

96.     The cargoes which are the subject of this suit were carried subject to (1) Carriage of Goods by Sea Act, Historical Note to 46 U.S.C. § 30701 ("COGSA"); (2) the Harter Act, 46 U.S.C. § 30701, *et seq.*; and/or (3) the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 30505 *et seq.*, and MSC (USA) claims the benefits of all rights, immunities, defenses, exonerations, and limitations contained therein.

## EIGHTH AFFIRMATIVE DEFENSE

97.     Due diligence was used to make the carrying vessel(s) seaworthy and to ensure that they were properly manned, equipped, and supplied, and to make the holds and other parts of the vessel(s) in which the shipment(s) were carried safe and fit for their reception, in accordance with COGSA, the Harter Act, and the subject bills of lading and/or sea waybills. Accordingly, if the shipment(s) sustained any loss or damage due to any unseaworthiness of the vessel(s), which is denied, MSC (USA) is not liable for said loss or damage.

## NINTH AFFIRMATIVE DEFENSE

98.    If there was any loss or damage to the cargoes as alleged in the Plaintiff's First Amended Verified Complaint, which is denied, such loss or damage arose without the actual fault and privity of MSC (USA) and/or its agents or servants.

## TENTH AFFIRMATIVE DEFENSE

99.    If there was any loss or damage to the cargoes as alleged in the Plaintiff's First Amended Verified Complaint, which is denied, such loss or damage was caused in whole or in part by: (1) the Plaintiff's breach of its obligations and duties under law and any applicable contract, including but not limited to, breach of implied warranties, negligent misrepresentations concerning its cargoes, and/or failure to properly warn others concerning the dangerous propensities of its cargoes; (2) improper storage and/or transportation of the cargoes prior to delivery to MSC (USA) and/or its agents; (3) the pre-shipment condition of the cargoes; (4) the inherent defect, quality, or vice of the cargoes; (5) the insufficiency of packaging or marks; (6) the improper stuffing of the cargoes in the container(s); and/or (7) any other act or omission of the shipper, and/or owner of the goods, their agents or representatives, and/or other third-parties.

## ELEVENTH AFFIRMATIVE DEFENSE

100.    The nature and valuation of the goods were not declared by the shippers before the shipment and inserted in the bills of lading and/or sea waybills. If Plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per "package" or "customary freight unit," in accordance with COGSA and MSC's bills of lading and/or sea waybills.

## TWELFTH AFFIRMATIVE DEFENSE

101.    Plaintiff has failed to mitigate its damages.

WHEREFORE, Defendant MSC (USA) prays:

a.       that judgment be entered in favor of Defendant MSC (USA) and against Plaintiff,

dismissing Plaintiff's First Amended Verified Complaint herein together with costs and

disbursements of this action; and

b.       that judgment be entered in favor of Defendant MSC (USA) for such other and

further relief as the Court deems just and proper.

Dated: July 18, 2023

RAWLE & HENDERSON LLP

By:      /s/ Jessica Link Martyn
         Jessica Link Martyn
         Centre Square West
         1500 Market Street, 19th Floor
         Philadelphia, PA 19102
         (757) 615-4753
         jmartyn@rawle.com

         *Attorneys for Defendants*
         *MSC (USA) MEDITERRANEAN SHIPPING*
         *COMPANY, S.A. and*
         *MEDITERRANEAN SHIPPING*
         *COMPANY (USA) INC.*